FILED
2007 SEP 26  A 11: 15

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT HOZEBIN, | CIVIL NO. 3:07cv1437AVC |
| Plaintiff | 307CV1437AVC |
| v. | |
| FOREST LABORATORIES, INC. and FOREST PHARMACEUTICALS, INC. | |
| Defendants | |

# COMPLAINT

Plaintiff, Scott Hozebin, brings this action, pursuant to Connecticut General Statutes § 31-290a, and the common law, seeking back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## I. JURISDICTION

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(b), as the Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue lies in this District pursuant to 28 U.S.C. §1391(b)(1), (2) because the Plaintiff resides in this District, and the employment relationship between the parties was created and centered in this District. Specifically, Defendants' employees interviewed Plaintiff in Connecticut, made him an offer of employment in Connecticut, and terminated his employment in Connecticut.

1

Defendants, upon information and belief, employ approximately 25 sales representatives in Connecticut.

## II. PARTIES

3. Plaintiff Scott Hozebin is resident of Connecticut.

4. Defendant Forest Pharmaceuticals, Inc. ("Forest Pharmaceuticals") is a Delaware corporation, with its corporate headquarters in Earth City, Missouri. Defendant Forest Pharmaceuticals manufactures, distributes, and sells Forest-branded ethical prescription products in the United States and Puerto Rico, and is a wholly owned subsidiary of Defendant Forest Laboratories, Inc. ("Forest Laboratories").

5. Defendant Forest Laboratories is a Delaware corporation with a business address at 909 Third Avenue, New York, New York. Forest Pharmaceuticals and Forest Laboratories constitute an integrated enterprise, with common management and ownership or financial control, centralized control of labor relations, and a functional interrelation of operations. Forest Pharmaceuticals is a mere instrumentality and/or alter ego of Forest Laboratories. The personnel decisions alleged herein, including those involving Plaintiff, were made by Forest Pharmaceuticals and/or Forest Laboratories' employees. Plaintiff's benefits were provided through Forest Pharmaceuticals' and/or Forest Laboratories' benefits plans, including medical and health plans.

Also, the two entities share common management with regard to policies and procedures.

6. At all times relevant to this complaint, the Defendants were Plaintiff's "employer" subject to the provisions of the Connecticut Workers' Compensation Act, Chapter 568 of the Connecticut General Statutes (the "Act").

### III. STATEMENT OF FACTS AND CLAIMS

7. Plaintiff began his employment with Defendants in March 2002 as a Specialty Sales Representative. At the time of his termination, he had been approved for a promotion to a Regional Sales Trainer. During the course of employment with Defendant, he ranked as one of the top sales associates both regionally and nationally. He received numerous awards for his performance, including Divisional and Regional Representative of the Quarter, Representative of the Year 2005, and won several Divisional and Regional sales contests. He consistently exceeded his sales goals.

8. During the course of his employment, Mr. Hozebin was involved in an automobile collision for which he sustained injuries.

**COUNT ONE: Discrimination for Filing Workers' Compensation Claim in Violation of Connecticut General Statutes § 31-290a**

1-8. Paragraphs 1 through 8 of this Complaint are hereby incorporated as paragraphs numbered 1 through 8 of Count One.

3

9. On February 20, 2007, Plaintiff notified the Defendants that he was making a claim for workers compensation benefits pursuant to the Act, because he had suffered an injury during the course of his employment with Defendants.

10. By doing so, Plaintiff made clear his intent to exercise rights afforded to him under the Act.

11. Plaintiff did exercise his rights afforded him under the Act.

12. The Plaintiff was wrongfully terminated by the Defendants on or about February 26, 2007, in retaliation for exercising those rights in violation of Conn. Gen. Stat. §31-290a.

13. As a result of Defendants' unlawful conduct, Plaintiff has suffered, among other losses, a loss of earnings and loss of benefits.

**COUNT TWO: Breach of Contract**

1-8. Plaintiff incorporates paragraphs 1 through 8 as paragraphs 1 through 8 of this Count Two.

9. Defendants' had a Progressive Discipline Policy, and the statements and representations made therein, and Defendants' actions and conduct concerning that Policy, constitute promises that Plaintiff would not be terminated unless the terms of that Policy were followed, and/or would not be terminated without just cause.

4

10. Defendants breached the aforementioned contract when they terminated Plaintiff.

11. As a result of defendants' actions as described above, plaintiff has suffered damages including, but not limited to, loss of income, emotional distress and humiliation.

## COUNT THREE: Negligent Misrepresentation

1-11. Paragraphs 1 through 11 of Count Two are hereby incorporated as paragraphs 1 through 11 of this Count Three.

12. The Defendants recklessly or negligently made the aforesaid representations and statements to the Plaintiff, and those representations or statements were inaccurate, false and misleading.

13. The Defendants reckless or negligent conduct in making these inaccurate, false and misleading representations or statements to the Plaintiff induced the Plaintiff to act to his detriment in justifiable reliance on the Defendants' representations or statements, specifically, to believe that he would not be terminated unless they complied with the policy.

14. The Plaintiff suffered damages as a result of the Defendants' inaccurate, false and misleading representations or statements.

## COUNT FOUR: Promissory Estoppel

1-11. Paragraphs 1 through 11 of Count Two are hereby incorporated as

5

paragraphs 1 through 11 of this Count Four of the Complaint.

12. Defendants' representations and statements to Plaintiff concerning its Progressive Discipline Policy constitute promises upon which the Defendants reasonably could have expected would induce action or forebearance on the part of its employees including Plaintiff.

13. Plaintiff did in fact rely on these aforementioned promises to his detriment.

14. The Plaintiff suffered damages as a result of his detrimental reliance on Defendants' aforementioned promises.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Scott Hozebin claims the following relief:

A. Back pay, back benefits, front pay and benefits and prejudgment interest;

B. Reinstatement;

D. Compensatory and punitive damages;

E. Costs and attorney fees;

F. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable to a jury.

THE PLAINTIFF,
SCOTT HOZEBIN

By: _____
Anthony R. Minchella (CT 18890)

Minchella & Associates, L.L.C.
530 Middlebury Road, Suite 209B
Middlebury, CT 06762
(203) 758-1069 (Telephone)
(203) 758-2074 (Facsimile)
aminchella@minchellalaw.com (E-Mail)

His Attorneys

7